Aboubacar ABDOU, Petitioner,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 02–4839–AG.

United States Court of Appeals, Second Circuit.

Feb. 2, 2006.

Sandra P. Nichols, New York, New York, for Petitioner.

Jim Letten, United States Attorney for the Eastern District of Louisiana, Sandra Ema Gutierrez, William P. Gibbens, Assistant United States Attorneys, New Orleans, Louisiana, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Aboubacar Abdou, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Abdou alleges persecution based on his political opinion in Niger. The IJ found Abdou was not credible and, therefore, did not demonstrate eligibility for the relief he sought. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

The IJ found Abdou's inability to explain the meaning of the letters "PNDS," which stand for "Niger Party for Democracy and Socialism," rendered him not credible. The IJ's assessment of the record is basically correct, and his adverse credibility finding is proper. Given Abdou's alleged level of activity in the party, including attending bi-weekly meetings over a period of some four years, and his presumed ability to read and speak French, it is reasonable to expect that he would be able to state clearly what the acronym PNDS stood for—an acronym that was printed, along with its exact meaning in French, on top of his party card.

The IJ further found Abdou incredible based on his inability to state any particular facts or identify any particular polices

or orientations of his party, other than the name of its leader, which would distinguish it from other parties in Niger. In light of Abdou's claim of active involvement with the PNDS Tarayya party over the period of four years and his presumed literacy in the French language, it was reasonable for the IJ to find Abdou incredible for not being able to go beyond a few generalities to identify specific policies and principles of the party, and for not having knowledge of any differences between the policies and programs of his party and any other party in the country.

The IJ also based his adverse credibility finding on Abdou's inability to state the motto of his party. The IJ's finding here is again supported by the record.

Although the IJ relied on additional grounds in making his adverse credibility finding, these three reasons are sufficient to support his finding. Further, because Abdou did not raise the claim of CAT relief in his petition to this Court, he has waived that claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir. 2005). Therefore, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).